UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

ARASH KETABCHI,

                Defendant.

17-Cr-243 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Arash Ketabchi moves pro se for a sentence reduction under the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 552.) That statute permits a district court to reduce a sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). On March 27, 2019, the Court sentenced Ketabchi to eighty-seven months' incarceration after he pleaded guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (*See* Def.'s Mot. at 4.) He is now serving his sentence at the satellite camp at the Federal Correctional Institution in Fairton, New Jersey (FCI Fairton).(*Id.* at 7.)

    First, the Court notes that Ketabchi has filed a notice of appeal in this case. (Notice of Appeal, ECF No. 462.) Generally, a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The U.S. Court of Appeals for the Second Circuit has held that this rule precludes district courts from making "substantive modifications of judgments"—such as the sentence reduction requested here—after a notice of appeal has been filed. *United States v. Ransom*, 866 F.2d 574, 576 (2d Cir. 1989). Still, Federal Rule of Criminal Procedure 37(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed.

R. Crim. P 37(a).

    A compassionate-release motion may be filed only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Here, Ketabchi submitted a request to the warden of FCI Fairton on March 11, 2020. (Def's Mot. at 4.) Because thirty days have passed since the warden's receipt of this request, he has exhausted his administrative remedies and may file a compassionate-release motion with this Court. *See* 18 U.S.C. § 3582(c)(1)(A).

On the merits, however, Ketabchi's motion fails. To begin, he has not established extraordinary and compelling reasons for a sentence reduction. Ketabchi's main argument is that the risk of COVID-19 infection to him provides an extraordinary and compelling reason for his release. (Def.'s Mot. at 6–8.) Ketabchi is forty-six years old, outside the high-risk age group identified by the Centers for Disease Control and Prevention (CDC). *See People Who Are at Higher Risk for Severe Illness*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated May 14, 2020) (identifying "[p]eople 65 years and older" as those who "might be at higher risk for severe illness from COVID-19").

The health conditions of which Ketabchi complains are "pre diabetes, vascular disease, anemia, and vitamin D deficiency." (Def.'s Mot. at 5.) Similarly, his presentence investigation report noted only that "he ha[d] suffered with nerve damage," that "he ha[d] been diagnosed with varicose veins," and that "[i]n December 2017, [he] slipped down a flight of steps and fractured his lumbar 1 and lumbar 2." (Presentence Investigation Report ¶¶ 58–60, ECF No. 377 [hereinafter PSR].) None of these health issues have been identified by the CDC as medical conditions that increase the risk of severe COVID-19 illness. *See People Who Are at Higher Risk for Severe Illness*, *supra*. Although diabetes is listed as a risk factor, Ketabchi's claimed condition—prediabetes, which is present in 34.5% of the adult U.S. population—is not. *See id.*; *see also* Ctrs. for Disease Control & Prevention, U.S. Dep't of Health & Human Servs., *National Diabetes Statistics Report, 2020: Estimates of Diabetes and Its Burden in the United States* 8 (2020), https://www.cdc.gov/diabetes/pdfs/data/statistics/national-diabetes-statistics-report.pdf.

"[W]hile the COVID-19 pandemic is undoubtedly serious and of great concern, numerous courts have found that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." *United States v. Nwankwo*, No. 12 CR 31 (VM), 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020); *see also id.* (collecting cases). Arguments based only on a defendant's "status as an inmate during the COVID-19 pandemic and generalizations concerning the spread of COVID-19 in federal detention centers across the country" have been roundly rejected. *United States v. Kaba*, No. 19 CR. 242 (PAC), 2020 WL 2520807, at *3 (S.D.N.Y. May 18, 2020). "If such speculative assertions and generalizations were sufficient, it would follow that every federal inmate should be released from detention due to COVID-19—a consequence which undermines the goals of sentencing, does not promote respect for the law, and does not remotely fit with the limited scope of compassionate release." *Id.*

What is more, the conditions at FCI Fairton do not suggest that Ketabchi is at great risk of contracting COVID-19. According to the Bureau of Prison website, only two cases

of COVID-19—both in staff members—have been documented at FCI Fairton. *COVID-19 Cases*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated May 31, 2020). It also appears that, contrary to Ketabchi's assertions, FCI Fairton is no longer designated as a quarantine site. *See BOP Implementing Modified Operations*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited June 1, 2020) ("The Bureau is processing all newly-sentenced BOP inmates through one of three quarantine sites—FCC Yazoo City, MS; FCC Victorville, CA; and FTC Oklahoma City, OK, or to a BOP detention center/jail unit.").

Finally, the compassionate-release statute requires that the Court "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Here, Ketabchi pleaded guilty to participating in a multiyear telemarketing scheme that targeted vulnerable people—most of whom were over seventy years old—and defrauded them out of millions of dollars. (*See* PSR ¶¶ 10–11, 20–21.) At sentencing, the Court emphasized that Ketabchi was central to this scheme, "pushing . . . other salesmen to sell more and his victims to be cheated out of more." (Sentencing Tr. at 59:12–14, ECF No. 467.) Ketabchi's crime, the Court noted, "involve[d] real human beings who have been destroyed." (*Id.* at 59:9–10.) As a result, the Court determined that a sentence "at the top of the guideline range"—eighty-seven months—was warranted. (*Id.* at 59:25–60:1.)The Court cannot conclude that, only a year into Ketabchi's sentence, the section 3553(a) factors that supported a significant sentence then would now favor compassionate release. *See United States v. Roberts*, No. 18-CR-528-5 (JMF), 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020) (noting that the court "would be hard pressed to conclude that, whereas the Section 3553(a) factors justified a forty-eight-month sentence only a month ago, the same factors suddenly justify a time-served sentence today.").

For all these reasons, the risk of COVID-19 infection to Ketabchi at this time does not establish an extraordinary and compelling reason for a sentence reduction, and the section 3553(a) sentencing factors similarly do not favor a sentence reduction. Accordingly, IT IS HEREBY ORDERED that Ketabchi's motion for a sentence reduction is denied. The Clerk of Court is directed to mail a copy of this Order to defendant Arash Ketabchi [78882-054] at FCI Fairton, Federal Correctional Institution, Satellite Camp, P.O. Box 420, Fairton, NJ 08320.

Dated:  New York, New York
         June 1, 2020

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.

3